Spencer D. Phillips (Bar No. 14401)
EMPLOYER-LAWYER PLLC
3450 N. Triumph Blvd., Suite 102
Lehi, Utah 84043
Telephone: 801.874.4964
E-mail: spencer@employer-lawyer.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIM ELKINS, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>POWERSPORTS PIT STOP LLC, a Utah Limited Liability Company, and PERRY K. STATES, an individual,<br><br>      Defendants. | **COMPLAINT**<br>(JURY DEMANDED)<br><br><br>Case No.: 1:21-cv-00030-JCB<br><br>Magistrate Judge: Hon. Jared C. Bennett |

Plaintiff Timothy Elkins ("Elkins"), by and through his undersigned counsel, brings this Complaint against Defendants Powersports Pit Stop and Perry K. States (collectively "Defendants") and hereby complains and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Elkins is an individual residing in Davis County, State of Utah, and at all times relevant to this action was an "employee" of Defendants, as defined in the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 203(e)(1).

2. Defendant Powersports Pit Stop LLC is a Utah limited liability company, with its principal place of business in Davis County, State of Utah, and at all times relevant herein Defendant Powersports Pit Stop LLC and defendant Perry K. States were Elkin's "employer[s]" as defined in the FLSA, 29 U.S.C. § 203(d).

3. Defendants are employers engaged in commerce and/or the production of goods for commerce, as those phrases are defined and used in the FLSA, 29 U.S.C. § 203(s).

4. At all times relevant herein, Elkins was a non-exempt employee of Defendants as that term is used in applicable regulations, 29 C.F.R. 541 *et seq*.

5. All acts and omissions giving rise to the above-captioned action occurred within the State of Utah.

6. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b).

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as the acts and omissions giving rise to this action occurred in the State of Utah.

## FACTUAL ALLEGATIONS

9. Elkins was employed by Defendants from July 2017 to September 2020.

10. Throughout his employment with Defendant, Elkins was a full-time mechanic performing manual work.

11. Defendant Perry K. States told Elkins he would be paid commissions of 20% of labor rather than an hourly wage.

12. During his first two months of employment, Elkins earned approximately $700-$800 per month, despite working over 40 hours each workweek.

13. Elkins complained about his low earnings, and Defendant Perry K. States

agreed to raise Elkins' commission up to 30% and then 60% of labor.

14. Despite the increased commission rates, Elkin's earnings still fell well below the federal minimum wage of $7.25 per hour, and he continued working more than 40 hours each workweek.

15. Throughout Elkins' employment, Defendants failed to maintain accurate, contemporaneous and detailed records of the hours worked by Elkins, as required by the FLSA.

16. During the weeks that Elkins worked 40 or fewer hours per week, Defendants did not pay Elkins mandatory minimum wages as required by the FLSA.

17. During the weeks that Elkins worked more than 40 hours per workweek, Defendants did not pay Elkins the mandatory minimum wages or any overtime wages as required by the FLSA.

18. Despite multiple written demands, Defendants have refused, and continue to refuse, to remit the mandatory minimum wages and overtime compensation to Elkins required by the FLSA.

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wage Compensation in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206(1), 215(a)**

19. The preceding paragraphs are incorporated by reference as if fully set forth herein.

20. At all relevant times herein, Defendants have been, and continue to be, Elkins' "employer" within the meaning of the FLSA.

21. Defendants engage in interstate commerce for purposes of the FLSA and, upon information and belief, have experienced annual gross sales in excess of $500,000 at all times relevant to this action.

22. In the course of his work duties for Defendants, Elkins regularly and

3

personally engaged in interstate commerce, including making purchase across state lines using credit cards, making telephone calls to persons located in other states, and handling records of interstate transactions, and therefore qualifies for "individual coverage" as that term is defined by the FLSA's implementing regulations, 29 C.F.R. § 776.

23. At all relevant times herein, Defendants were responsible for paying minimum wages to Elkins.

24. Under the FLSA, an employer must pay a non-exempt employee at least the federally mandated minimum wage of $7.25 per hour for every hour worked during each workweek.

25. Elkins was a non-exempt employee under the FLSA, and was therefore entitled to receive minimum wages from Defendants for every hour he worked during each workweek.

26. Defendants knowingly, willfully, and maliciously violated Elkins' federally-protected rights by failing to pay minimum wages as mandated by the FLSA.

27. Elkins has been damaged by Defendant's failure to compensate him for minimum wages earned during his employment.

28. Between July 2017 and September 2020, Elkins worked approximately 4,160 regular (non-overtime) hours for Defendants and was entitled to minimum wages for every hour worked.

29. Defendants owe Elkins the difference between the wages he received and the federally-mandated minimum wage, plus an equal amount as liquidated damages, as required by the FLSA.

30. As a result of Defendants' violations of the FLSA, Elkins is entitled to recover all reasonable attorneys' fees and costs in bringing this action.

31. As a result of Defendants' intentional and willful violations of the minimum wage provisions of FLSA, Elkins is entitled to awards of pre-judgment interest, post-judgment interest, punitive damages and all other damages recoverable under the provisions of the FLSA.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207(1), 215(a)

32. The preceding paragraphs are incorporated by reference as if fully set forth herein.

33. At all relevant times herein, Defendants were responsible for paying overtime wages to Elkins.

34. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his regular rate of pay for each hour worked in excess of 40 hours per workweek.

35. Elkins was a non-exempt employee under the FLSA, and was therefore entitled to overtime wages of one and one-half times his regular hourly rate for each hour worked in excess of 40 hours in a workweek.

36. Between July 2017 and September 2020, Elkins worked approximately 1,560 overtime hours and was entitled to overtime compensation for every overtime hour worked.

37. Defendants knowingly, willfully, and maliciously violated Elkins' federally-protected rights to receive overtime wages as manded by the FLSA.

38. Elkins has been damaged by Defendant's failure to compensate him for overtime wages earned during his employment.

39. Defendants owe Elkins the unpaid overtime wages he earned, plus an equal amount as liquidated damages, as mandated by the FLSA.

40. As a result of Defendants' violations of the FLSA, Elkins is entitled to recover all reasonable attorneys' fees and costs in bringing this action.

5

41. As a result of Defendants' intentional and willful violations of the overtime provisions of FLSA, Elkins is entitled to awards of pre-judgment interest, post-judgment interest, punitive damages and all other damages recoverable under the provisions of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Elkins prays that this Court:

1. Enter judgment in favor of Elkins for unpaid minimum wages in an amount to be proven at trial, but in an amount not less than $13,520.00;

2. Enter judgment in favor of Elkins for unpaid overtime wages in an amount to be proven at trial, but in an amount not less than $10,732.00;

3. Enter judgment in favor of Elkins for liquidated damages in an amount equal to the aggregate underpayment of minimum wages and overtime wages as proven at trial, but in an amount not less than $24,252.00;

4. Enter judgment in favor of Elkins, ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this action, including court costs, and reasonable attorneys' fees;

5. Enter judgment in favor of Elkins for compensatory and punitive damages in an amount to be proven at trial;

6. Enter a judgment awarding pre- and post-judgment interest on all unpaid overtime wages;

7. Award such other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all causes of action set forth herein.

DATED this 4th day of March 2021.

            EMPLOYER-LAWYER, PLLC

            */s/ Spencer D. Phillips*
            Spencer D. Phillips
            *Attorney for Plaintiff*